UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re Application of Republic of Kazakhstan for an Order Directing Discovery from Wells Fargo Bank, National Association Pursuant to 28 U.S.C. § 1782,<br><br>Petitioner. | Case No. 18-cv-409 (DWF/TNL)<br><br>**ORDER** |

Margaret Rudolph, Norton Rose Fulbright US LLP, 60 South Sixth Street, Suite 3100, Minneapolis MN 55402; and Matthew H. Kirtland, Norton Rose Fulbright US LLP, 799 Ninth Street NW, Suite 1000, Washington DC 20001 (for Petitioner).

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on the Republic of Kazakhstan's ("Kazakhstan") Consent Motion for Supplemental Authority ("Consent Motion"), ECF No. 7, for discovery in aid of a foreign proceeding pursuant to 28 U.S.C. § 1782. Wells Fargo Bank, National Association ("Wells Fargo") has no opposition to Kazakhstan's motion or to producing a witness for the deposition requested therein "subject to [Kazakhstan's] reimburs[ement] of certain of Wells Fargo's reasonable costs (which has been agreed in principle and will be finally determined through good-faith negotiations)." Consent Mot. at 1; *see also* Decl. of Matthew H. Kirtland ¶¶ 11-12, ECF No. 8. For the reasons set forth below, Kazakhstan's motion is granted.

## I. BACKGROUND

The background and genesis of the international arbitration and subsequent multiple foreign legal proceedings involving the same regarding which Kazakhstan seeks discovery in aid of a foreign proceeding pursuant to 28 U.S.C. § 1782 is set forth in this Court's prior

Order, dated March 15, 2018.  *See generally* ECF No. 6.  In brief, Kazakhstan sought, and the Court granted, authority to issue a subpoena to Wells Fargo for the production of certain documents for use in those "multiple foreign legal proceedings in which Kazakhstan is challenging the recognition and enforcement of [the] foreign arbitral award."  Consent Mot. at 2; *see generally* ECF No. 6.

Certain of those foreign legal proceedings remain ongoing, including in Belgium, Luxembourg, the Netherlands, and Italy.  *See, e.g.*, Consent Mot. at 2-3; Kirtland Decl. ¶¶ 13-15.  In Luxembourg, there is also now "an ongoing criminal investigation [of the parties who obtained the foreign arbitral award] . . . involving the courts, in which Kazakhstan is entitled to submit relevant evidence that it discovers."  Consent Mot. at 3; *see* Kirtland Decl. ¶ 15.

Pursuant to § 1782, Kazakhstan seeks authority to subpoena Wells Fargo to produce a witness for a deposition pursuant to Federal Rule of Civil Procedure 30(b)(6) in connection with documents Wells Fargo has produced.  As stated above, Kazakhstan and Wells Fargo "were able to reach an agreement regarding the Rule 30(b)(6) deposition requested by Kazakhstan."  Consent Mot. at 4; *see* Kirtland Decl. ¶ 12.  Wells Fargo has no objection to producing a 30(b)(6) deponent "subject to [Kazakhstan] reimbursing certain of Wells Fargo's reasonable costs incurred in responding to the subpoena, in an amount to be decided following an additional meet-and-confer."  Consent Mot. at 4; *see* Kirtland Decl. ¶ 12; *see also* Consent Mot. at 1 (reasonable costs have been agreed to "in principle and will be finally determined through good-faith negotiations").

## II.     ANALYSIS

Under 28 U.S.C. § 1782,

> [t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made . . . upon the application of any interested person . . . .

28 U.S.C. § 1782(a); *see In re Hallmark Capital Corp.*, 534 F. Supp. 2d 951, 953-54 (D. Minn. 2007) (an order is "appropriate where the [a]pplicant establishes that (1) the discovery is sought from a person found in this district, (2) the discovery is for use in a proceeding before a foreign tribunal, and (3) the applicant is an 'interested person' before such foreign tribunal").

Based on the record before the Court, Wells Fargo continues to be found within the District of Minnesota. Kirtland Decl. ¶ 4; *see* Consent Mot. at 5. Kazakhstan seeks this deposition testimony for use in foreign legal proceedings in the courts and legal systems of Belgium, Luxembourg, the Netherlands, and Italy. Kazakhstan remains an "interested person" by virtue of it being a party to the legal proceedings in Belgium, Luxembourg, the Netherlands, and Italy, *see Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256 (2004) ("No doubt litigants are included among, and may be the most common example of, the 'interested persons' who may invoke § 1782."), as well as being entitled to submit relevant evidence in connection with the ongoing criminal investigation in Luxembourg, *see* 28 U.S.C. § 1782(a) (noting availability for use in "criminal investigations conducted

before formal accusation"). Accordingly, Kazakhstan continues to satisfy the requirements set forth in § 1782(a).

As the Court stated in its prior Order, "a district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." *Intel Corp.*, 542 U.S. at 264. The Supreme Court has enumerated four "factors that bear consideration in ruling on a § 1782(a) request." *Id.* These factors are: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the foreign proceedings, and the receptivity of the foreign tribunal to federal judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies; and (4) whether the request is unduly intrusive or burdensome. *Id.* at 264-65; *accord In re Hallmark Capital Corp.*, 534 F. Supp. 2d at 954 (once the statutory requirements are met, "a court has the discretion to grant an application under Section 1782 if doing so would (1) provide an efficient means of assistance to participants in international litigation, and (2) encourage foreign countries to provide reciprocal means of assistance to United States courts and litigants") (citing *In re Application of Euromepa*, 51 F.3d 1095, 1097, 1101 (2d Cir. 1995)).

Based on the factors outlined in *Intel Corp.*, the Court concludes that this motion should likewise be granted. Again, Wells Fargo is not a participant to the foreign proceedings. Kirtland Decl. ¶ 6; *see* Consent Mot. at 6. Rather, it is a financial institution that may have evidence relevant to the foreign proceedings given its status as the former trustee to the indenture governing an investment at issue in those proceedings. Consent Mot. at 3; *see* Kirtland Decl. ¶¶ 8-9, 11. There is no indication or reason to believe that the

4

Belgian, Luxembourgish, Dutch, and Italian courts would reject evidence obtained by Kazakhstan in the United States. Nor is there any indication that Kazakhstan is attempting to circumvent foreign proof-gathering procedures. And finally, the discovery sought is neither unduly intrusive nor burdensome. The scope of the requested 30(b)(6) deposition is narrowly tailored to Wells Fargo's role as trustee to the indenture governing the subject investment and the documents it has produced, topics that are directly linked to the subpoena previously approved by this Court. Further, Kazakhstan and Wells Fargo "have met-and-conferred and agreed on th[e] list of topics." Consent Mot. at 6; Kirtland Decl. ¶ 12. Lastly, Kazakhstan has "agreed in principle" to "reimburs[e] certain of Wells Fargo's reasonable costs," which "will be finally determined through good-faith negotiations." Consent Mot. at 2; *see* Consent Mot. at 6; Kirtland Decl. ¶ 12. Accordingly, the Court again finds that the factors espoused in *Intel Corp.* all weigh in favor of granting the motion.

### III.   CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that

1. Kazakhstan's Consent Motion for Supplemental Authority, ECF No. 7, is **GRANTED**.

2. Kazakhstan, through counsel, is authorized to issue, sign, and serve a subpoena upon Wells Fargo Bank, National Association in substantially the same form as Exhibit A to the Kirtland Declaration, ECF No. 8-1.

3. In accordance with 28 U.S.C. § 1782(a), the discovery conducted pursuant to this Order, as well as any related motion practice, shall comply with the Federal Rules of Civil Procedure and the Local Rules of this Court.

4. Failure to comply with any provision of this Order or any other prior consistent order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; and/or any other relief that this Court may from time to time deem appropriate.

Date: August  11  , 2021

       *s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*In re Application of Kazakhstan*
Case No. 18-cv-409 (DWF/TNL)